## HAMILTON & GAUSE *v.* MOUND CITY LIFE INSURANCE COMPANY.

### October Term, 1875.

CONSTRUCTION OF CONTRACT BETWEEN INSURANCE COMPANY AND ITS AGENTS. — The complainants became the agents of the defendant in certain states, under a contract in writing, by which their compensation was fixed at a given per cent on first premiums and a different rate per cent on renewals, the contract to remain in force for three years, unless sooner terminated by mutual agreement, in which event the renewal interest was to continue "as long after termination as the same shall remain in force;" the contract was terminated by mutual consent at the end of eight months, and it was agreed that it should be referred to an actuary to make a valuation of the business on the basis of the contract, and the complainants were to sell and the defendant to buy "said rights and interests" at such valuation. The actuary made his estimate for the eight months ensuing the termination of the contract. *Held,* correct.

*M. B. Howell,* for complainants.
*R. McP. Smith,* for defendant.

THE CHANCELLOR: — On June 1, 1872, complainants became the agents of defendant in the states of Tennessee, Mississippi, and Arkansas, under a contract in writing, by which their compensation was fixed at a certain per cent on first premiums, and another per cent on renewals, on which subject the contract contained the following clause: "And it is further understood and agreed that upon the discontinuance of the agency for the company of said agent, either by resignation, removal, or any other way, all interest of said agent in this contract in commissions on premiums or renewals shall revert back to the company, unless it is otherwise specially agreed." The only other stipulation of the contract on this subject is contained in the following paragraph: "It is understood and agreed that this contract shall be and remain in force for the space of three years from date, unless sooner terminated by neglect, malfeasance, or *mutual agreement,* and that at the termination

of this contract the renewal interest hereunder shall continue as long after termination as the same shall remain in force." The contract was terminated by "mutual agreement" on February 1, 1873, and it was referred to an actuary, in the language of the bill, "to make a valuation of the business of the states of Tennessee, Mississippi, and Arkansas in force on February 1, 1873, taking the contract of Hamilton & Gause as the basis," and it was agreed that complainants should sell, and said company should buy, said rights and interests at such valuation. The contract having remained in force for eight months, — from June 1, 1872, to February 1, 1873, — the actuary made his estimate for the ensuing eight months, his valuation being conceded to be correct for that length of time. But the complainants insist that the valuation should have been for six years from June 1, 1872, upon the ground, expressly assumed in the bill, that, as the contract was to continue for the term of three years, their renewal interest was to continue for an equal length of time after the termination of the contract, under the paragraph last above quoted from the contract. The only question submitted to me is whether they or the actuary put the proper construction on that paragraph.

The only interest remaining to the complainants upon the termination of the contract would be the percentage on renewal premiums agreed upon as their compensation. The contract, it will be remembered, expressly stipulates that such interest shall, upon the discontinuance of the agency in any way, revert to the company unless otherwise specially agreed. Now, the contract was discontinued by mutual agreement, and the special stipulation of the contract, in the event of termination, is, "that at the termination of this contract the renewal interest hereunder shall continue as long after termination as the same shall remain in force." That is, plainly, for the length of time the contract remains or has remained in force, the renewal

interest shall continue after its termination. The clause under consideration is not a separate and independent one, but the conclusion of a single sentence, the first part of which provided for the termination of the contract at the end of three years, or sooner by mutual agreement, at which termination, whether at the end of the term or sooner, the renewal interest is to begin to continue. This is, I think, perfectly plain. But if it needed confirmation, it would be found in the fact that you cannot give effect to the final words upon any other construction. The word " same " represents the thing which governs the words " remain in force." It cannot stand for " termination," for that would either make nonsense, — since a termination cannot be said, with propriety, to remain in force — or would make the renewal interest continue as long as the contract should remain terminated, — that is, forever, — which it is not pretended was in the contemplation of the parties. It cannot stand for the renewal interest itself, because that interest, by a previous stipulation, was not to remain in force at all after the termination of the contract, but revert to the company. The word, both in grammar and sense, can only refer to " contract," and limits the renewal interest to the length of its previous existence.